UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUICKIE TIE-DOWN ENTERPRISES, LLC,

Plaintiff,

v.

USA PRODUCTS GROUP, INC., et al.,

Defendants.

No. 2:24-cv-00799-DAD-JDP

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE SCHEDULING ORDER IN PART AND CLARIFYING THE SCOPE OF DISCOVERY THAT MAY BE CONDUCTED PRIOR TO A CLAIM CONSTRUCTION HEARING

(Doc. No. 39)

This matter is before the court on the objections filed by plaintiff Quickie Tie-Down Enterprises, LLC on October 3, 2024 to the scheduling order issued by this court on September 19, 2024. (Doc. Nos. 38, 39.) Defendants Stephen Jackson and USA Products Group, Inc. filed their response to those objections on October 28, 2024. (Doc. No. 41.)

**DISCUSSION**

**A. Necessity of *Markman* Hearing**

As a threshold matter, the scheduling order contemplates that a claim construction hearing ("*Markman* hearing") will be held in this case. (Doc. No. 38 at 4.) Plaintiff states in his objections to the court's scheduling order that neither he nor the defendants had affirmatively asked for such a hearing and that the claim construction process is possibly unnecessary in this

case. (Doc. No. 39 at 3.) Defendants have represented that there are at least eight claim terms which are likely to be disputed by the parties. (Doc. No. 41 at 2.) "The purpose of claim construction is to 'determin[e] the meaning and scope of the patent claims asserted to be infringed.'" *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)). Because it appears likely that there will be disputed terms, the court will not vacate the claim construction hearing now scheduled for May 13, 2025 (Doc. No. 40 at 2) at this time.

**B. Adoption of the Northern District of California's Patent Local Rules**

Plaintiff also objects to the court's adoption of the Northern District of California's Patent Local Rules in its scheduling order. (Doc. Nos. 38 at 3; 39 at 4–5.) Plaintiff argues in its objections that the nature of this case as involving patent infringement of a mechanical device rather than a piece of software renders the Northern District of California rules inapt for this action. (Doc. No. 39 at 5.) Defendants contend in their response that adoption of the Northern District of California rules is commonplace in this district and that these rules intentionally provide flexibility to handle cases of varying degrees of complexity. (Doc. No. 41 at 8–9.)

Despite plaintiff's objection, the court will adopt the Northern District of California's Patent Local Rules in full to manage this case. Those Patent Local Rules are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted); *see also MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 971765, at *3 (N.D. Cal. Mar. 5, 2014) ("The goal of these rules, like those of other districts with significant numbers of patent cases, is the speedy, efficient, and less expensive resolution of patent cases."). The Northern District of California's Patent Local Rules have been used effectively to govern claim construction in patent cases involving mechanical or physical components of varying complexity. *See, e.g.*, *Leines v. Homeland Vinyl Prods., Inc.*, No. 2:18-cv-00969-KJM-DB, 2020 WL 406769, at *1–2 (E.D. Cal. Jan. 24, 2020) (applying Patent Local Rules to manage a dispute over a deck plank clip); *Simpson Strong-Tie Co. v. Oz-Post Int'l, LLC*, No. 3:18-cv-01188-WHO,

2019 WL 8403819, at *1 (N.D. Cal. Apr. 1, 2019) (applying Patent Local Rules to manage a dispute over a screw and hex-head washer installation); *Sliding Door Co. v. KLS Doors, LLC*, No. 13-cv-00196-JGB-DTB, 2014 WL 12591675, at *1 (C.D. Cal. Mar. 21, 2014) (applying Patent Local Rules to manage a dispute over a sliding door mechanism). It has also been this court's practice to adopt the Northern District of California's Patent Local Rules. *See Topfire Ltd. v. Cook*, No. 2:23-cv-02503-DAD-JDP, Doc. No. 24 (E.D. Cal. Apr. 15, 2024). Because the Patent Local Rules provide a strong and reliable structure for the efficient resolution of claim construction disputes in a variety of cases as well as flexibility for courts to modify practices to better fit a specific case, the court will overrule plaintiff's objection and apply the Northern District of California's Patent Local Rules to this action.

**C. Phased Discovery for Plaintiff's Patent Claims Pursuant to Local Rules**

Plaintiff objects that discovery in this action should not be "phased" by creating a divide between discovery related to claim construction and discovery not related to claim construction. (Doc. No. 38 at 1–2.) In his objections, plaintiff represents that defendants have provided "no substantive responses to all discovery requests" because defendants believe that there is a stay in place as to general discovery. (*Id.* at 1–2.) Defendants aver that they understand the scheduling order as creating a phased discovery approach where claim construction discovery will occur prior to a *Markman* hearing and general discovery will occur after that hearing. (Doc. No. 41 at 3–4.)

It is true that the Local Rules for the Northern District of California contemplate a phased discovery process. *See* Patent L.R. 4-4 (describing the separate timeline for completion of claim construction discovery). However, judges of the Northern District of California do not always implement this as a blanket stay on all discovery apart from claim construction discovery; judges in that district may instead run the phases concurrently with each other. *See Townshend Intell. Prop., L.L.C. v. Broadcom Corp.*, No. 06-cv-05118-JF-RS, 2007 WL 2462152, at *1–2 (N.D. Cal. Aug. 29, 2007) (allowing discovery to proceed on unenforceability claims because "substantially equivalent information" would not emerge in invalidity contentions or briefing in connection with a *Markman* hearing). District courts do have discretion to limit discovery

conducted prior to a *Markman* hearing to only areas necessary for the presentation of that hearing. *See, e.g.*, *55 Brake, L.L.C. v. Audi of Am., Inc.*, No. 08-cv-00177-S-BLW, 2009 WL 35343, at *1 (D. Idaho Jan. 5, 2009); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999) (finding that a district court did not abuse its authority by staying discovery unrelated to claim construction). Indeed, some district courts, including that which plaintiff urges this court to follow, stay general discovery as a matter of course until after the *Markman* hearing. *See* Judge Alan D. Albright's Standing Order at 3, https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Governing-Proceedings-Patent-Cases-01232024.pdf; (*see also* Doc. No. 37 at 8) (plaintiff proposing that this court follow Judge Albright's patent procedures).

In this case, the court will follow the procedures created by the adoption of the Patent Local Rules from the Northern District of California and overrule plaintiff's objection to phased discovery in part. Accordingly, general discovery outside the scope of claim construction discovery with respect to plaintiff's patent infringement claims will not proceed until one day after entry of the court's order on claim construction. (Doc. No. 38 at 4); *see* Patent L.R. 2-1, 2-5. However, fact discovery as to plaintiff's separate, non-patent, claims is not limited by the Patent Local Rules from the Northern District of California and therefore may and should be conducted pursuant to Federal Rule of Civil Procedure 26. In particular, plaintiff's claims for false marking brought pursuant to 35 U.S.C. § 292 and for unfair competition brought pursuant to 15 U.S.C. § 1125 do not appear to require a claim construction procedure nor would substantially equivalent discovery in these areas likely emerge through briefing in connection with a *Markman* hearing on plaintiff's infringement claims—therefore discovery related to those claims is not limited or stayed at this time. (Doc. No. 24 at 12–15.)

/////

/////

/////

/////

/////

**CONCLUSION**

For the reasons explained above, plaintiff's objections (Doc. No. 39) to the court's scheduling order are overruled in part and plaintiff's request for clarification of the scheduling order is granted.

IT IS SO ORDERED.

Dated: **October 31, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE