Edwin Wheeler (SBN 189991)
**WHEELER IP LAW**
220 Dedalera Dr.
Portola Valley, CA 94028
Tel: (650) 963-4960
edwin@wheeleriplaw.com

Michael B. Marion (admitted *pro hac vice*)
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com
*Attorneys for Plaintiff*

Jennifer Lantz (SBN 202252)
Jeremy T. Elman (SBN 223696)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
E-mail: twahearn@duanemorris.com
jmlantz@duanemorris.com
jelman@duanemorris.com

D. Stuart Bartow (SBN 233107)
**DUANE MORRIS LLP**
1201 North Market Street, Suite 501
Wilmington, DE 19801-1160
dsbartow@duanemorris.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Quickie Tie-Down Enterprises LLC, an Arizona limited liability company,

Plaintiff,

v.

USA Products Group, Inc., a California Corporation; Stephen Jackson and Unknown Jackson, a married couple,

Defendants.

Case No. 2:24-cv-00799-DAD-JDP

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

All parties to this action have jointly moved this Court for the entry of a protective order to govern the production of Discovery Material (defined below), by both parties and non-parties, in the above-captioned action (the "Lawsuit").

## I.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth herein, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules of the United States District Court, Eastern District of California ("L.R.") 140 (redaction) and L.R. 141 (sealing) set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   DEFINITIONS

### A. Designated Material

The term "Designated Material" shall mean any Discovery Material (as defined in Section II.C) designated by a Designating Party (as defined in Section II.H) as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with Paragraphs IV.A to IV.D below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

### B. CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1.   "CONFIDENTIAL" comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information (including identifying information for customers of the Producing Party) that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section VI.A below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

2.   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" comprises or contains information that the Producing Party claims in good faith is information that is of a highly confidential nature and is competitively sensitive or important to the Producing Party's business, including, but not limited to, non-public pricing and revenue information, and other sensitive financial data, the disclosure of which to persons other than those set forth in Section VI.B below could create a risk of harm that could not be avoided by less restrictive means.

**C.  Discovery Material**

The term "Discovery Material" shall mean any Document (as defined at Section II.D), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production and any documents produced in connection therewith; subpoenas; declarations; affidavits; letters; emails; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

**D.  Documents**

The term "Document" shall mean all writings, recordings, or photographic materials as described and defined in Rule 1001 of the Federal Rules of Evidence, including electronically stored information and data, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits. This Protective Order is not intended to, and shall not, expand, enlarge, or otherwise change any Party's obligations concerning the scope, limitations, and form of discovery as set forth in any Discovery Plan and Scheduling Order put in place in the Lawsuit.

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

**E. Party**

The term "Party" shall refer to any plaintiff or defendant in the Lawsuit.

**F. Producing Party**

The term "Producing Party" shall mean any Party to the Lawsuit or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for the Lawsuit.

**G. Receiving Party**

The term "Receiving Party" shall mean any Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

**H. Designating Party**

The term "Designating Party" shall mean any Party or Non-Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who designates Designated Material (as defined in Section II.A of this Order) in this Lawsuit.

**I. Challenging Party**

The term "Challenging Party" a Party or Non-Party that challenges the designation of information or items under this Order.

**III.   RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL**

**A. Scope**

This Order shall encompass all Discovery Material produced during this Lawsuit except that this Order shall not encompass information that (a) is lawfully in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B. Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C. Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D. Maintenance of Designated Material

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Party's own Designated Material or similar confidential material.

### E. Restrictions on Designated Materials

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Designating Party is free to do whatever it desires with its own Designated Material.

### F. Discovery from Non-Parties

Information sought or obtained from a person not a Party to the Lawsuit ("Nonparty") shall be treated as Designated Material if requested by the Non-party. Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

5

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

ONLY" pursuant to Section IV by a Non-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Any Party may seek to challenge designations by a non-party under the provisions of Paragraph V.B after providing at least ten (10) business days written notice to the non-party and agreeing that it will not object to the non-party appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

### G. Unintentional Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party to any person or Party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

### IV.   PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order. The burden of establishing that Designated Material is either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as defined herein shall be on the Producing Party. The designation of Designated Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Designating Party withdraws the designation. Designated material must be marked in the following manner:

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

1. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation, e.g., bates number prefix, of the identity of the Designating Party;

2. In the case of electronically stored information ("ESI") produced in native format, designation shall be made by contemporaneously producing a bates numbered slip sheet bearing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and including the corresponding bates number in the file name of the native-format file (e.g., [FILENAME].xls). Any Party printing or otherwise creating a tangible copy of the native file shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document;

3. In producing original files and records for inspection, no marking need be made by the Designating Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Designating Party shall mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as defined in Paragraphs II.B.1 and II.B.2 at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order; and

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

4. In the case of testimony provided during a deposition or hearing, transcripts or portions thereof shall be designated by the Designating Party either (i) on the record during the deposition or hearing, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, by the reporter, as a Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party or witness. Pending expiration of the thirty-day period or the receipt of such written notice from a Party (whichever comes first), all Parties and, if applicable, any Non-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. If no such written notice is provided within the thirty-day period, the designation(s) made during the deposition shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt. No person other than a court reporter or Court personnel shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

5. In the event that a deposition or hearing is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. In the event of such request, the Party desiring to

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

maintain the treatment of any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall specify, by page and line numbers, the designated portions within thirty (30) days of the written request.

## V.   CONTESTING THE DESIGNATION

A. No Party to this Lawsuit shall be obligated to challenge the propriety of any designation by any Designating Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in the Lawsuit to the propriety of such designation. Any Party may contest a claim of confidentiality.

B. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Local Rule 233 (and in compliance with Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

9

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

.

**VI.   DISCLOSURE OF DESIGNATED MATERIALS**

A. Unless otherwise directed by the Court or authorized in writing by the Designating Party, Discovery Material designated as CONFIDENTIAL under this Order may be disclosed by the Receiving Party only to the following persons:

1. counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

2. the officers, directors, and employees of the Receiving Party to whom disclosure is directly necessary for the Lawsuit;

3. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

4. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

5. consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

subparagraph 1 of this section to provide assistance in the Lawsuit, provided that any such persons first execute the Confidentiality Undertaking in Exhibit A;

6. any person who authored and/or received the particular CONFIDENTIAL information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular CONFIDENTIAL information sought to be disclosed to that witness. Any witness testifying in a deposition or hearing may be shown CONFIDENTIAL information of a Designating Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Designating Party, or a corporate designee of the Designating Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Designating Party if, at the time of the witness' employment, the CONFIDENTIAL information was in existence and the witness had access to such CONFIDENTIAL information;

7. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, but only if they execute the Confidentiality Undertaking in Exhibit A, and only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

8. mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials

11

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

9. persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

B. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1. counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Lawsuit;

2. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Lawsuit is pending including any appellate Court, and the jury, if any;

3. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Lawsuit;

4. consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 of this section to provide assistance in the Lawsuit, provided that any such persons first execute the Confidentiality Undertaking in Exhibit A.

5. any person who authored and/or received the particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

sought to be disclosed to that witness. Any witness testifying in a deposition or hearing may be shown HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information was in existence and the witness had access to such HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information;

6. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in the Lawsuit, but only if they execute the Confidentiality Undertaking in Exhibit A, and only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

7. mock jurors, trial consultants, and jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror, trial consultant, or jury consultant who is employed or affiliated with or who knows any person employed by or affiliated with either Party to the Lawsuit; (ii) mock jurors, trial consultants, and jury consultants will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) any such persons first execute the Confidentiality Undertaking in Exhibit A; and

8. persons who have been retained by a Party to provide translation or interpretation from one language to another, provided that such translators execute the Confidentiality Undertaking in Exhibit A.

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

1

2    **VII.   COURT PROCEDURES**

3          Without written permission from the Producing Party or a court order secured after

4    appropriate notice to all interested persons, a Party may not file in the public record in this

5    action any Designated Material. A Party that seeks to file under seal any Designated Material

6    must comply with Local Rule 141. The Designating Party retains the burden of proving the

7    need to seal the Protect Material. If the Receiving Party files Designated Material with the

8    Court, the Receiving Party will file the Designated Material with the Court indicating that it is

9    not the Designating Party with its "Request to Seal Documents" but is not otherwise obligated

10   to provide the required basis for sealing under Local Rule 141(b). The Designating Party will

11   then file a response to the "Request to Seal Documents" providing the required basis for

12   sealing under Local Rule 141(b).

13

14   **VIII.   PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

15          At the written request of the Receiving Party, the Designating Party may agree in

16   writing to allow the Receiving Party to disclose to a specified Non-party any of the Producing

17   Party's Designated Material identified in the written request.

18

19   **IX.    UNINTENTIONAL FAILURE TO DESIGNATE**

20          If any Producing Party discovers that it has inadvertently failed to designate and mark

21   any Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL -

22   ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving

23   Party of the confidential nature of the disclosed Designated Material, and the Receiving Party

24   shall treat the disclosed Discovery Material as either CONFIDENTIAL or HIGHLY

25   CONFIDENTIAL - ATTORNEYS' EYES ONLY upon receipt of written notice from the

26   Producing Party. Disclosure of such Discovery Material to persons not authorized to receive

27

28

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the later-applied designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the persons to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court.

## X.    RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A. No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### B. Release From or Modification of This Order

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

### C. Admissibility and No Admissions

Nothing herein shall be construed to affect in any way the evidentiary admissibility or relevance of any document, testimony, or other matter at any court proceeding related to this matter. Neither designation or lack of designation of documents or information as

15

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" nor agreeing to treat documents produced under those designations pursuant to this Agreement constitutes any admission or acknowledgement that any such documents or information do or do not constitute trade secrets or proprietary information or do or do not enjoy any other legal status, and is inadmissible for any such purpose.

**D. Non-Party Request/Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a nonparty to this Order seeking production or other disclosure of a Designating Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Designating Party (or, if the Designating Party is not represented by counsel in this Lawsuit, to the Designating Party itself) within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Designating Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Designating Party. In the event that Designated Material is produced to the Non-party, such material shall be treated as Designated Material pursuant to this Order.

**E. Counsel's Right to Provide Advice**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to the Lawsuit, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**F. Privileged and Irrelevant Materials**

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

1  Nothing in this Order shall be construed as requiring disclosure of privileged materials,

2  materials subject to protection under the work product doctrine, or materials which are

3  otherwise beyond the scope of permissible discovery.

4

5  **XI.   FINAL DISPOSITION**

6  Within 60 days after the final disposition of this action, each Receiving Party must, to

7  the extent commercially reasonable, return all Designated Material to the Designating Party

8  or destroy such material, and shall certify, in writing, the return or destruction of such

9  material. As used in this subdivision, "all Designated Material" includes all copies, abstracts,

10 compilations, summaries, and any other format reproducing or capturing any of the

11 Designated Material. Notwithstanding this provision, Counsel are entitled to retain an

12 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

13 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

14 product, and consultant and expert work product, even if such materials contain Designated

15 Material. Any such archival copies that contain or constitute Designated Material remain

16 subject to this Protective Order as set forth in Section XII (Termination).

17 **XII.   TERMINATION**

18 The termination of the Lawsuit shall not automatically terminate the effectiveness of

19 this Order, and persons subject to this Order shall be bound by the confidentiality obligations

20 of this Order until the Designating Party agrees otherwise in writing or this Court (or any

21 other court or competent jurisdiction) orders otherwise.

22 **XIII.   USE AT TRIAL**

23 This Order is not intended to govern the use of Designated Material at the trial of the

24 Lawsuit. Procedures governing the use of Designated Material at trial, if necessary, will be

25 established by separate order, pursuant to application by one or more of the Parties to the

26

27

28

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

1   Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the

2   pre-trial conference.

3   //

4   //

5   //

6              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7              Dated this **12th** day of November, 2024.

8

9                                   By:  */s/Michael B. Marion*
                                          Edwin Wheeler (SBN 189991)
10                                        **WHEELER IP LAW**
                                          220 Dedalera Dr.
11                                        Portola Valley, CA 94028
                                          Tel: (650) 963-4960
12                                        edwin@wheeleriplaw.com

13                                        Michael B. Marion (admitted *pro hac vice*)
                                          **BYCER & MARION**
14                                        7220 N. 16th Street, Suite H
                                          Phoenix, Arizona 85020
15                                        Tel: (602) 944-2277
                                          michael@bycermarion.com
16
                                          *Attorneys for Plaintiff Quickie Tie-Down*
17                                        *Enterprises, LLC*

18
                                    By:  */s/D. Stuart Bartow* (with permission)
19                                        Jennifer Lantz (SBN 202252)
                                          D. Stuart Bartow (SBN 233107)
20                                        Jeremy T. Elman (SBN 223696)
                                          **DUANE MORRIS LLP**
21                                        260 Homer Avenue, Suite 202
                                          Palo Alto, CA  94301-2777
22                                        Phone: 650-847-4150
                                          jmlantz@duanemorris.com
23                                        dsbartow@duanemorris.com
                                          jelman@duanemorris.com
24                                        *Attorneys for Defendants USA Products*
                                          *Group, Inc. and Stephen Jackson*
25

26

27
                                          18
28   **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,**
     **HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**
     C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

1   PURSUANT TO STIPULATION,

2

3   IT IS SO ORDERED.

4

5   Dated:    November 14, 2024

6   _____
    JEREMY D. PETERSON
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS,
HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments

## EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

I, _____, state that:

My business address is _____.

My present employer and job description are_____

_____.

My relationship to the Parties to the above-captioned lawsuit is as follows_____

_____

_____.

    I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.

    I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

    I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

    DATED this _____ day of _____, 20____.

_____
                    Name

**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**

C:\Users\dsbartow\OneDrive - Duane Morris LLP\Desktop\2024-11-08- Draft Protective Order + DM comments